■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. PAUL DUBINSKY, Appellant, v. JOSEPH P. CONBOY, as Superintendent of Great Meadow Correctional Facility, Respondent.— Appeal from a judgment of Supreme Court at Special Term, entered in Washington County, which denied a writ of habeas corpus, without a hearing. Following a conviction after trial, appellant was sentenced to one year imprisonment on each of four felony counts to be served concurrently and conditional discharge with respect to two misdemeanor counts. Two hours later on the same day, for reasons that do not appear in the record, the trial court directed that the defendant be brought before it again, vacated the sentences and imposed sentences of not more than four years with respect to each felony count to be served concurrently and reimposed the sentences of conditional discharge with respect to the misdemeanor convictions. Under subdivision 1 of section 70.30 of the Penal Law, an indeterminate sentence begins when the prisoner is received at an institution under the jurisdiction of the State Department of Correction. Since this circumstance did not occur before resentencing, the trial court continued to have jurisdiction and it was within its power to vacate the sentences and impose new ones. (*People* v. *Blanchfield*, 27 A D 2d 520.) The appellant argues that the trial court is obliged to explain its reason for increasing its sentence on the record and its failure to do so violates the due process clause of the Fourteenth Amendment. (See *North Carolina* v. *Pearce*, 395 U. S. 711; see also *People* v. *Winslow*, 34 A D 2d 1050.) Those cases stand for the general proposition that a defendant in a criminal case may not be deterred from exercising his legal rights by the threat of increased punishment following collateral or appellate proceedings attacking his conviction. If the term is increased upon resentencing, the reasons should be stated by the court to guarantee against vindictiveness. The cases have no application in a situation such as this one. There is no obligation on the part of the sentencing Judge to explain his sentence unless he prescribes the minimum for an indeterminate sentence. (Penal Law, § 70.00, subd. 3, par. [b].) We note in passing that the felonies involved were class C and D felonies for which maximum sentences of 15 and 7 years could have been imposed. Judgment affirmed, without costs. Staley, Jr., J. P., Greenblott, Simons, Kane and Reynolds, JJ., concur.