■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM LAURENCE, Respondent, v NEW YORK STATE BOARD OF PAROLE et al., Appellants.— Judgment, Supreme Court, New York County, entered March 30, 1978, modified, on the law, to the extent of deleting the direction that relator be admitted to parole and directing respondent-appellant New York State Board of Parole to conduct an immediate parole eligibility hearing and, except, as so modified, affirmed, without costs or disbursements. Relator was arrested on February 10, 1974 and charged with homicide. He was thereafter indicted and in April, 1976 pleaded guilty to manslaughter in the second degree. He was sentenced, as a second felony offender, to a term of imprisonment not to exceed eight years, with a minimum term of four years. In July, 1975, some 10 months prior to the entry of his plea, he was admitted to the Bellevue Hospital prison ward suffering from an ailment subsequently diagnosed as aseptic necrosis of the right hip. He remained an inmate of the prison ward for the balance of the period involved herein. During this entire period, the Board of Parole did not conduct any hearing looking to the fixation of his parole eligibility date. On February 27, 1978, after completion of the minimum term of his sentence, relator brought this proceeding contending that the failure of the board to grant him a parole eligibility hearing within the time prescribed by law (Executive Law, § 259-i, subd 2, par [a]) rendered his continued detention illegal. The board, on the other hand, sought to justify its position by asserting that under subdivision 1 of section 70.30 of the Penal Law "An indeterminate sentence of imprisonment commences when the prisoner is received in an institution under the jurisdiction of the state department of correction" (People ex rel. Dubinsky v Conboy, 40 AD2d 908), and that relator has never been received in such an institution. While conceding that relator is entitled to jail time credit for the time spent in the prison ward, it pointed out that if a "minimum period of imprisonment is fixed by the court, the credit shall also be applied against such portion of the minimum period as exceeds one year" (Penal Law, § 70.30, subd 3). Accordingly, argues the board, relator could not be considered for parole until one year after he is "received" in a State correctional facility (Executive Law, § 259-i, subd 1, par [a]). Criminal Term, noting that relator, if given credit for "Good behavior time" (Penal Law, § 70.30, subd 4), would be eligible for conditional release by June 10, 1979, directed that relator be placed on parole. We recognize that neither Criminal Term, nor this court possesses the power to grant parole to a prisoner. Indeed, that is a function exclusively vested by law in the Board of Parole (Executive Law, § 259-c, subd 1). However, we feel that the interests of substantial justice will be served by a holding that, in the limited and peculiar circumstances of this case, the Bellevue prison ward was a facility under the constructive jurisdiction of the Department of Correction, and, for the purposes here involved, was constructively a State correctional facility. By consequence, we hold that relator, at the time of the commencement of this proceeding, was entitled to a hearing fixing his parole eligibility date. Accordingly, we direct that the board forthwith conduct such a hearing without interfering with relator's present liberty status. In that connection we are constrained to point out, as did the Criminal Term, that relator, in normal course, will be entitled to conditional release on June 10, 1979 if granted good behavior time (Penal Law, § 70.30, subd 4; Correction Law,

§ 803). While it is true, as pointed out on the argument by the board, good behavior time is not automatic and must be earned (Correction Law, § 803), forfeiture of such credit may follow only after a hearing *(Matter of Amato v Ward,* 52 AD2d 945; 7 NYCRR 260.4 [b]). Inasmuch as no such hearing has been brought to our attention, we feel the assumption justified that no circumstances warranting the forfeiture of good time exists. Accordingly, the judgment of Criminal Term is modified to the extent of remanding this matter to the Board of Parole for further proceedings not inconsistent herewith. Concur—Sullivan, J. P., Lane, Markewich, Silverman and Bloom, JJ.