OPINION OF THE COURT
Dan Lamont, J.
Petitioner brings this writ of habeas corpus in the nature of a CPLR article 70 proceeding, seeking his release from the Schoharie County Jail where he is confined. A hearing was conducted before the undersigned on December 3, 1980, and I make the following findings of fact:
Petitioner in March, 1980 was sentenced to one year in the Schoharie County Jail. Pursuant to applicable laws and regulations, petitioner had achieved “trustee” status and had been administratively credited with 120 days’ good time allowance, resulting in a prospective release date of November 20, 1980.
On November 5,1980, at about 3:00 p.m., petitioner was notified in writing of a specific charge of misconduct against him and informed in writing that an administrative hearing would convene at 9:00 a.m. on November 6, 1980, relative to such charge.
On November 6, 1980, at 9:00 a.m., the administrative hearing was convened before Lieutenant Donald E. *965 Morey, chairman, Deputy Larry K. Sharpe, and Deputy Charles A. Jones. The petitioner admitted the charge that he had taken a package of Top tobacco from the pantry, after having been told he could not have one, as per the rules. The petitioner was given the opportunity to speak to the board in explanation or mitigation of the charge.
The administrative board sustained the charge upon petitioner’s admission, and by written decision dated November 11, 1980, imposed a sanction of loss of 60 days’ good time. The determination was approved by the Sheriff on November 11, 1980; thus, petitioner’s prospective release date became January 20, 1981.
Upon finding lack of 24-hour notice to petitioner of the administrative disciplinary hearing, this court on December 4, 1980, made an order directing petitioner’s release from custody forthwith. However, because of the issues involved, the court hereby renders a formal decision.
This case does not involve the granting of good time allowances. The giving of good time credits to an inmate is a matter of legislative grace and prisoners have no constitutional right to release prior to the maximum expiration date of their sentences. The fact that the Legislature saw fit to reward good behavior in no way makes the opportunity to earn good time credits — and thus secure an earlier release date — a fundamental right. (People ex rel. McNeil v New York State Bd. of Parole, 57 AD2d 876.) Good time may be administratively withheld based upon the inmate’s entire prison record, without a due process hearing. (Matter of Amato v Ward, 41 NY2d 469.)
This case, however, involves the deprivation of good time already earned for a specific incident of misconduct charged against petitioner. Once good time is earned and credited, the deprivation of good time as a sanction for misconduct requires that minimum requirements of procedural due process must be observed. (People ex rel. Laurence v New York State Bd. of Parole, 68 AD2d 830.)
The Supreme Court of the United States has stated:
“We hold that written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the *966 facts and prepare a defense. At least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the Adjustment Committee.
“We also hold that there must be a ‘written statement by the factfinders as to the evidence relied on and reasons’ for the disciplinary action.” (Wolff v McDonnell, 418 US 539, 564.)
The Supreme Court also held that an inmate should be allowed to call witnesses and present evidence in his defense, but the court declined to insert legal counsel into the disciplinary process (Wolff v McDonnell, supra, at p 570), recognizing that disciplinary hearings are a means to further the correctional goals of preservation of order and safety within the jail.
In New York, a superintendent’s proceeding requires at least' 24-hour notice to the inmate, and the designation of an employee to furnish assistance to the inmate. (7 NYCRR 253.3.) While the rules of “Procedures for the administration of discipline” applicable to county jails do not specify 24-hour notice (9 NYCRR 7006.1 [c]), such minimal notice appears to the undersigned to be mandated by the Wolff holding.
In this case, the inadvertent technical defect of lack of 24-hour notice was established at the hearing before the undersigned. While it might be argued (1) that petitioner waived such notice or (2) that his admission of the misconduct rendered such notice unnecessary, my reading of the Wolff case makes such minimal 24-hour notice mandatory in all disciplinary action cases.
This court’s finding that 24 hours’ written notice was not received renders this administrative determination a nullity. Since petitioner’s continued confinement on December 4 was actually based upon such lost good time, his immediate release was ordered. It should be noted, however, that failure to give 24-hour notice is not a bar to a second disciplinary hearing with timely and proper written notice to petitioner.
This court realizes that the operation of a jail is an extraordinarily difficult undertaking. Prison disciplinary *967 proceedings by necessity involve persons who have violated the law and have been incarcerated for doing so. The average prisoner may have little regard for the rights or property of others or for the administrative rules designed to provide an orderly and reasonably safe jail.
Discipline within such a setting must be swift and certain. Any court should be loath to interfere with the internal administrative discipline within a jail. The cases hold that courts will intervene in only two very narrow instances: (1) when minimal requirements of due process have not been followed or (2) when the sanction imposed is shocking to one’s sense of fairness. The result in this case relative to the first instance precludes the undersigned from considering the issue of the sanction imposed.
If minimum due process procedures required by law are followed, however, this court will only very reluctantly tread upon the authority and province of the Schoharie County Sheriff and his staff to discipline prisoners and keep order in the jail.